UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/24/07
```

UNITED STATES,

    -against-

KAREEN SMITH, a/k/a "KAREEM SMITH,"

    Defendant.

06 Cr. 203 (RJH)

**ORDER**

    The Government moves to preclude certain cross-examination of two witnesses, Police Officer John Ferretti and Sergeant Kevin Maloney of the New York City Police Department ("NYPD"), at a suppression hearing to be held today, January 24, 2007. Specifically, the matters upon which the Government seeks to preclude examination and extrinsic evidence relate to a prior adverse credibility finding by Judge John S. Martin against Sergeant Maloney and Civilian Complaint Review Board ("CCRB") regarding prior complaints against Sergeant Maloney and Officer Ferretti.

    The Court holds that cross-examination of Sergeant Maloney and Officer Ferretti regarding the CCRB complaints is precluded. The proceedings before the CCRB lack formality, are unrelated to the instant action, and are only tangentially relevant if at all, and any minimal probative value that these incidents may have on Sergeant Maloney's and Officer Ferretti's credibility is substantially outweighed by the danger of unfair prejudice and delay. *See United States v. Lawes*, 292 F.3d 123, 131–32 (2d Cir. 2002) (upholding district court's decision to preclude cross-examination of a police officer about a CCRB citation for police brutality where

the CCRB "did not credit his testimony in that proceeding" because the risk of distraction posed by cross-examination outweighed any probative value of the evidence and "the proposed cross-examination was of little, if any plausible relevance to [the witness's] credibility).

The Court will permit defense counsel to conduct limited cross-examination of Sergeant Maloney regarding the prior credibility assessment by Judge Martin. A finding on credibility in a prior federal court proceeding is more probative of the issue of credibility in the present case and the Court notes that the subject matter—the legality of a search—is the same. Although Judge Martin did not make a general finding regarding Sergeant Maloney's veracity, and there is no connection between the subject matter of Sergeant Maloney's testimony in the proceeding before Judge Martin and the instant action, the Court reads *United States v. Cruz*, 894 F.2d 41 (2d Cir. 1990), to suggest that these two factors are merely examples of factors that may be considered, and that "*Cruz* upheld the lower court's decision to preclude cross-examination . . . on the ground that that decision was 'within [the court's] discretion.'" *Id.* at 43; *see United States v. Rosa*, 11 F.3d 315, 335 (2d Cir. 1993) ("The scope and extent of cross-examination are generally within the sound discretion of the trial court, and the decision to restrict cross-examination will not be reversed absent an abuse of discretion."); *see also* Fed. R. Evid. 403, 608(b).

SO ORDERED.

Dated: New York, New York
       January 24, 2007

_____
Richard J. Holwell
United States District Judge

2